Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California, 90230
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DESIGN COLLECTION, INC., a California Corporation,

Plaintiff,

vs.

ZULILY, INC., a Washington Corporation, individually and doing business as "WWW.ZULILY.COM"; LI YUAN TEXTILE AND APPAREL, INC., a New York Corporation, individually and doing business as REBORN COLLECTION; BONANZA.COM, INC., a Washington Corporation; SEARS, ROEBUCK & CO., a Delaware Corporation; OVERSTOCK.COM, INC., a Utah Corporation; PALMERS USA, INC., a California Corporation; WHITE MARK UNIVERSAL INC., a California Corporation; THE AMERICAN SARONG CO., a Florida Corporation; RUMOR BOUTIQUE, a Florida business entity of form unknown.; STEIN MART,

Case No.:

PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT;

Jury Trial Demanded

INC., a Florida Corporation; and DOES 1-10,

Defendant.

Design Collection, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff DESIGN COLLECTION, INC is a corporation organized and existing under the laws of the state of California with its principal place of business in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant ZULILY, INC., individually and doing business as ZULILY.COM, ("ZULILY") is a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 2601 Elliott Avenue, Seattle, Washington 98121, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant LI YUAN TEXTILE AND APPAREL, INC., individually and doing business as REBORN COLLECTION ("REBORN") is a corporation organized and existing

under the laws of the state of New York with its principal place of business located at 606 39th Street #205, Brooklyn, New York 11232, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant BONANZA.COM, INC. ("BONANZA") is a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 400 East Pine Street, Suite 215, Seattle, Washington 98122, and is doing business in and with the state of California and its residents.

8. Plaintiff is informed and believes and thereon alleges that Defendant SEARS, ROEBUCK & COMPANY ("SEARS") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 3333 Beverly Rd., Hoffman Estates, Illinois 60179, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant OVERSTOCK.COM, INC. ("OVERSTOCK") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 6350 South 3000 East Salt Lake City, Utah 84121, and is doing business in and with the state of California and its residents.

10.Plaintiff is informed and believes and thereon alleges that Defendant PALMERS USA, INC. ("PALMERS") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 119 E. 9th Street A825, Los Angeles, California 90079, and is doing business in and with the state of California and its residents.

11.Plaintiff is informed and believes and thereon alleges that Defendant WHITE MARK UNIVERSAL ("WHITE MARK") is a limited liability company organized and existing under the laws of the state of California with its principal place of business located at 1220 S. Maple Ave., Suite #911, Los Angeles, California 90015, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant THE AMERICAN SARONG CO. ("SARONG") is a corporation organized and existing under the laws of the state of Florida with its principal place of business located at 8901 Boggy Creek Road, Suite 500, Orlando, Florida 32824, and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant THE RUMOR BOUTIQUE ("RUMOR") is a business entity of form unknown and existing under the laws of the state of Florida with its principal place of business located at 9101 International Drive, Suite 1216, Orlando, Florida 32819, and is doing business in and with the state of California.

14.Plaintiff is informed and believes and thereon alleges that Defendant STEIN MART, INC. ("STEIN MART") is a corporation organized and existing under the laws of the state of Florida with its principal place of business located at 1200 Riverplace Blvd., Jacksonville, FL 32207, and is doing business in and with the state of California and its residents.

15.Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 through 10, inclusive, are manufacturers and/or vendors of garments to Defendants (as specified above) which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement or other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise of Defendant DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

16.Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN NO. DC-6599**

17. Plaintiff is the owner of an original two-dimensional artwork used for textile printing, which Plaintiff has allocated the internal design number DC-6599 ("Subject Design"). A true and correct image of the Subject Design is hereinbelow:



18. Plaintiff has applied for and received a United States Copyright Registration for Subject Design.

19. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

20. Following this distribution of product bearing Subject Design, Plaintiff learned that ZULILY, REBORN, BONANZA, SEARS, SARONG, RUMOR, OVERSTOCK, PALMERS, WHITE MARK, STEIN MART and DOE defendants

created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring unauthorized reproductions of Subject Design or designs which are substantially similar to Subject Design ("Subject Product"). Subject Product includes but is not limited to the garments sold by:

a. ZULILY under SKU REBORNCOLLEC_6996_BLACK_L and bearing the label "Reborn" and RN 140174, which indicates that the garments were manufactured by or for REBORN. A true and correct image of one such garment is displayed below:



b. SEARS bearing style number PS891, and item number 031-24080-115, the label, "White Mark", and RN 125592, which indicates that the garments were manufactured by or for WHITE MARK and/or PALMERS. A true and correct image of one such garment is displayed below:



c. BONZANA bearing style numbers PS891 and 17352205-000-000, and RN 125592, which indicates that the garments were manufactured by or for PALMERS. A true and correct image of one such garment is displayed below:



d. BONZANA bearing ID number 274204484, label "White Mark" and RN 125592, which indicates that the garments were manufactured by or for WHITE MARK and/or PALMERS. A true and correct image of one such garment is displayed below:



e. OVERSTOCK bearing style numbers PS891and 17352205-000-000, and RN 125592, which indicates that the garments were manufactured by or for PALMERS. A true and correct image of one such garment is displayed below:



f. STEIN MART bearing vendor style number 12-3009-1, SKU number 57743577, and the "nico LA" brand label. A true and correct image of one such garment is displayed below:



g. RUMOR bearing style number FNE06A, the "Cyn by Cynthia Mehra" brand label, and RN 96762, which indicates that the garments were manufactured by or for SARONG. A true and correct image of one such garment is displayed below:



///

///

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

21. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

23. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized design that was identical or substantially similar to the Subject Design, or were an illegal modification thereof.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling the Subject Product through a nationwide network of retail stores, catalogues, and through on-line websites.

25. Due to Defendants', and each of their, acts of infringement, Plaintiff has

suffered damages in an amount to be established at trial.

26. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for Subject Design;
b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
d. That Plaintiff be awarded pre-judgment interest as allowed by law;
e. That Plaintiff be awarded the costs of this action; and

//

//

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: December 9, 2016

By: */s/ David Shein*
Stephen M. Doniger, Esq.
David R. Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
DESIGN COLLECTION, INC.